**Mark A. GIBBON and Geneva W. Gibbon, Appellants–Claimants**

v.

**The ESTATE OF William Y. GIBBON, Appellee–Defendant.**

**No. 49A02–0410–CV–846.**

Court of Appeals of Indiana.

May 11, 2005.

Gordon L. Harper, Indianapolis, IN, Attorney for Appellants.

John A. Cremer, Suzanne E. Katt, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

GARRARD, Senior Judge.

This case presents the question of who is liable to pay the indebtedness owed on a chattel, which was the subject of a specific devise in a decedent's will.

By his will William Gibbon, deceased, devised to his son, Mark Gibbon, the 2001 Lincoln automobile that William owned at the time of his death. The automobile was subject to a lien in favor of Double Eleven Credit Union in the amount of $12,325.10.

When the estate advised Mark that it would not pay off the amount of the lien, he paid it and then filed a claim in the decedent's estate seeking reimbursement. Additionally, Geneva Gibbons filed a claim seeking reimbursement for $316.87 she had paid to the credit union on the decedent's car loan.

The executrix denied the claims, and after a hearing the court determined that the claims were governed by I.C. 29–1–17–9 and should be denied. This appeal followed.[1]

I.C. 29–1–17–9 provides:

When any real or personal property subject to a mortgage, pledge or other lien is specifically devised, the devisee shall take such property subject to such mortgage unless the will provides expressly or by necessary implication that such mortgage be otherwise paid. If a mortgagee receives payment on a claim based upon the obligation secured by such mortgage, the devise which was subject to such mortgage shall be charged with the reimbursement to the estate of the amount of such payment for the benefit of the distributees entitled thereto.

It is undisputed that the provision in the will devising the automobile to Mark did not contain any expression that the indebtedness be paid from the estate or that the vehicle be transferred free of any indebtedness thereon.

■ Mark relies instead upon another provision in the will which, in general terms, directed the personal representative "to pay out of my residuary estate, the following: *Section 1.* The expenses of my last illness, administration expenses, and all legally enforceable creditor claims."

Pointing out that the indebtedness on the automobile falls within the statutory definition of "claims"[2] Mark argues that this general direction was sufficient to satisfy the requirements of I.C. 29–1–17–9.

■ We disagree. The plain language of I.C. 29–1–17–9 is to require that real or personal property which is subject to some mortgage or lien is to be transferred to a devisee subject to the lien *unless* the will specifically requires that the mortgage or lien be otherwise paid.

Thus, it was clearly the legislative intent that the general rule be that such property will be transferred subject to any lien upon it, so that the residual beneficiaries will not have their shares lessened or depleted. At the same time the legislature permitted the transfer to be free of the indebtedness *if* the testator made it expressly clear that such was his intent.

To hold that the exception occurs whenever a will contains a generic expression that the personal representative shall pay the claims against or just debts of the decedent would render the statute essentially nugatory. We cannot ascribe such an intention to the legislature.

The Indiana Probate Code Study Commission noted that the purpose of the statute was to reverse the common law rule, which permitted a devisee to demand payment of a mortgage on devised property out of the personal assets of the estate.

Additionally, the Commission noted that the language of the section followed that of a New York statute. Thus, decisions of

1. We admonish counsel for the appellants to comply with the requirements of Ind. Appellate Rule 49 in the future. We will proceed to determine the case on the merits since the

appellee has accepted the accuracy of appellants' statement of the facts.

2. See, I.C. 29–1–1–3.

the New York courts construing the statute are instructive.

*In re Ide's Will,* 120 N.Y.S.2d 650, 652, dealt with the devise of an automobile that was subject to a chattel mortgage and held that "A general provision for the payment of debts is not the equivalent of a direction that the lien of a mortgage or other encumbrance on specifically bequeathed property shall be extinguished at the expense of other estate assets." That accords with our view.

■ Finally, we consider the claim of Geneva Gibbon. Apparently, she made a payment of $316.87 on the automobile to the credit union at a time when the personal representative was absent from the state. Nothing in the record, however, establishes that she was requested to do so by the personal representative. Accordingly, while she may have recourse against Mark, her claim against the estate was properly denied.

The judgment is affirmed.

NAJAM, J., and VAIDIK, J., concur.